# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Criminal Action Number** |
| ) | **15-00368-CR-W-DGK** |
| **Matthew A. Nolan,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Defendant Matthew Nolan ("Nolan") on November 17, 2015, was charged in a single count indictment for violating 18 U.S.C. § 922(g)(3). That criminal statute provides:

> It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g)(3). Nolan now has pending before the Court a motion to dismiss the indictment [Doc. 26]. Nolan asserts that Section 922(g)(3) is unconstitutionally vague and violates the Second Amendment, due process, and equal protection. Having reviewed and considered the parties' arguments, the undersigned recommends that the Court deny the motion to dismiss.

With regard to vagueness, it must be initially noted that Section 922(g)(3) has survived prior scrutiny by courts considering such a claim. *See*, *e.g.*, *United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008); *United States v. Edwards*, 182 F.3d 333, 335-36 (5th Cir. 1999); *United States v. Purdy*, 264 F.3d 809, 812 (9th Cir. 2001). In any event, since Nolan does not assert any First Amendment issue, his challenge must be pursued as an "as applied"

constitutional challenge. *United States v. Powell*, 423 U.S. 87, 92, 96 S. Ct. 316, 319-20 (1975). Consequently, any vagueness challenge is not ripe and will need to await trial where the actual evidence can be examined. *See*, *e.g.*, *United States v. Matthews*, No. 14-CR-00060-W-DW, 2015 WL 2170380, at *2 (W.D. Mo. May 8, 2015).

With regard to Nolan's Second Amendment claim that Section 922(g)(3) is unconstitutional in light of the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008), the issue has previously been decided by the Eighth Circuit in *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010), which found:

> Nothing in [the defendant's] argument convinces us that we should depart company from every other court to examine § 922(g)(3) following *Heller*. Further, § 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*. Moreover, in passing § 922(g)(3), Congress expressed its intention to "keep firearms out of the possession of drug abusers, a dangerous class of individuals." *United States v. Cheeseman,* 600 F.3d 270, 280 (3d Cir.2010). As such, we find that § 922(g)(3) is the type of "longstanding prohibition[ ] on the possession of firearms" that *Heller* declared presumptively lawful.

*Seay*, 620 F.3d at 925.

With regard to equal protection (and due process[1]), Nolan argues that Section 922(g)(3) is unconstitutional because it draws an impermissible distinction based on a classification. The initial step in equal protection analysis is to identify the government's classification of groups and the next step is to determine the level of scrutiny. Nolan argues that Section 922(g)(3) must be analyzed using strict scrutiny. However, the Supreme Court has cautioned:

---

[1] By its terms the equal protection clause of the Fourteenth Amendment is applicable only to the states and not the federal government. The Court has found, however, that the Fourteenth Amendment's equal protection clause has been "reverse-incorporated" into the Fifth Amendment's due process clause and, as such, is applicable to the federal government. *Bolling v. Sharpe,* 347 U.S. 497 499–500, 74 S. Ct. 693, 695 (1954).

2

> [E]qual protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class.

*Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 312, 96 S. Ct. 2562, 2566 (1976) (*per curiam*).

Section 922(g)(3), by its terms, arguably classifies individuals seeking to possess firearms into two groups: those who are unlawful users of or addicted to any controlled substance and those who are not. The former group is restricted from possessing firearms. Nonetheless, the classification does not impede any Second Amendment rights. As the Court made clear in *Heller*, the "core" (or fundamental) right enshrined in the Second Amendment is "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635, 128 S. Ct. at 2821. The classification drawn in Section 922(g)(3) does not impede this core right since – by definition – it applies only to citizens who are not law-abiding. Strict scrutiny is not appropriate.

Equal protection claims not involving fundamental rights are analyzed under either intermediate scrutiny or a rational basis test. The Court need not decide which test is appropriate in this case since Section 922(g)(3) survives under both. Under intermediate scrutiny, the question is whether there is a 'reasonable fit' between the challenged regulation and a 'substantial' government objective. The Court finds the analysis in *United States v. Carter*, 669 F.3d 411, 417 (4th Cir. 2012) persuasive in finding that Section 922(g)(3) meets this criteria. Similarly (and logically), if the test is mere rational basis, the classification drawn by Section 922(g)(3) is rationally related to a legitimate government interest.

Accordingly, it is

3

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the *MOTION TO DISMISS THE INDICTMENT ON GROUNDS THAT THE PORTION OF THE STATUTE PURPORTING TO MAKE DEFENDANT'S ALLEGED CONDUCT A CRIMINAL OFFENSE IS UNCONSTITUTIONAL IN VIOLATION OF THE 2ND AMENDMENT AND ON DUE PROCESS AND EQUAL PROTECTION GROUNDS AS WELL AS GENERAL VAGUENESS GROUNDS,* [Doc. 26] filed August 26, 2016.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**
